UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIE MAE LETT,

                    Plaintiff (s),

        v.

NATIONWIDE CREDIT SERVICE, INC.,
                    Defendant(s).

No. **C 08-03663 JF**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE AND
ADR DEADLINES**

        IT IS HEREBY ORDERED that this action is assigned to the Honorable Jeremy Fogel.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order    and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

        IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

        IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/30/2008 | Complaint filed | |
| 11/21/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil  L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil  L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 12/5/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file | FRCivP 26(a) (1) Civil  L.R . 16-9 |

Case Management Statement per attached Standing Order
re Contents of Joint Case Management Statement (also
available at  http://www.cand.uscourts.gov)

12/12/2008     INITIAL CASE MANAGEMENT CONFERENCE          Civil_L.R._16-10
               (CMC)  in Courtroom 3, 5th Floor, SJ at 10:30 AM

   *If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

Case No. _____

Filed

JUL 1 1 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**STANDING ORDER REGARDING**

**CASE MANAGEMENT IN CIVIL CASES**

 This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

 Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

 All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

 Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

 Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

 Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1        Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2  after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3  date.

4        Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5  hearing on any Tuesday at 10:00 a.m.

6        Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7  hearing on any Wednesday at 9:30 a.m.

8        Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9  hearing on any Tuesday at 10:00 a.m.

10        Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11  held on _____ at _____, at the United States Courthouse, 280

12  South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13  L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14        Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15  their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16  and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17  Case Management Conference and good faith compliance with the requirements of this Order are essential

18  elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19  Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20  are not required, to attend the Case Management Conference.

21        In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22  the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23  the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24  marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25  judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26  with the Clerk's Office that has already been filed electronically.

27  IT IS SO ORDERED.

28  Dated: Effective on the date this order is filed, until further court order.

James Ware
United States District Judge

Ronald M. Whyte
United States District Judge

Jeremy Fogel
United States District Judge

Patricia V. Trumbull
United States Chief Magistrate Judge

Richard Seeborg
United States Magistrate Judge

Howard R. Lloyd
United States Magistrate Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.      Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.      Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STANDING ORDER RE PRETRIAL
PREPARATION

Good cause therefor appearing, IT IS HEREBY ORDERED that the following

requirements and procedures shall apply in all cases scheduled for trial before the undersigned

judge.

**Requirements Prior to the Pretrial Conference**.

Prior to the pretrial conference, counsel (or parties appearing <u>pro se</u>) shall comply in all

respects with the following requirements:

**(1) Required Meeting and Disclosure Prior to Pretrial Conference.**  At least twenty

(20) days before the Pretrial Conference, lead counsel who will try the case shall meet and confer

with respect to:

(A) Preparation and content of the joint pretrial conference statement.

1    (B) Preparation, exchange and lodgment of pretrial materials included in this

2        order.

3    (C) Settlement of the action.

4    **(2) Pretrial Conference Statement.**  Unless otherwise ordered, not less than ten (10)

5    court days prior to the Pretrial Conference, the parties shall file a joint pretrial conference

6    statement containing the following information:

7    (A) The Action.

8        (1) Substance of the Action. A brief description of the substance of

9            the issues that remain to be decided.

10       (2) Relief Sought.  For civil actions, a detailed statement of all the relief

11           sought, particularly itemizing all elements of damages claimed as well as

12           witnesses, documents or other evidentiary material to be presented

13           concerning the amount of such damages.

14   (B) The Factual Basis of the Action.

15       (1) Undisputed Facts.  A plain and concise statement of all relevant facts

16           not reasonably disputable, as well as facts to which parties will stipulate

17           for incorporation into the trial record without the necessity of supporting

18           testimony or exhibits.

19       (2) Disputed Factual Issues. A plain and concise statement of all disputed

20           factual issues that remain to be decided.

21       (3) Agreed Statement.  A statement assessing whether all or part of the

22           action may be presented upon an agreed statement of facts.

23       (4) Stipulations.  A statement of stipulations requested or proposed for

24           pretrial or trial purposes.

25   (C) Disputed Legal Issues.

26       (1) Points of Law.  Without extended legal argument, a concise statement

27           of each disputed point of law concerning liability or relief, citing

28           supporting statutes and decisions.  Unless otherwise ordered, parties

2

1    should cite to briefs served and lodged with the Court setting forth

2    briefly  the nature of each party's contentions concerning each disputed

3    point of law, including procedural and evidentiary issues.

4    (2) Proposed Conclusions of Law.  If the case is to be tried without a jury,

5    unless otherwise ordered, parties should  provide proposed conclusions of

6    law.

7    **(3) Trial Preparation**.

8    (1) Witnesses to be Called.  A list of all witnesses likely to be called at

9    trial, other than solely for impeachment or rebuttal, together with a brief

10    statement following each name describing the substance of the testimony

11    to be given.

12    (2) Exhibits, Schedules and Summaries.  A list of all documents and other

13    items to be offered as exhibits at trial, other than solely for

14    impeachment or rebuttal, with a brief statement following each, describing

15    its substance or purpose and the identity of the sponsoring witness. Unless

16    otherwise ordered, parties should indicate any objections to the receipt in

17    evidence of exhibits and materials lodged with the Court and that

18    counsel have conferred with respect to such objections.  Three sets of

19    premarked, joint  exhibits,  numbered consecutively starting with number

20    one (1), shall be delivered to the Courtroom Deputy Clerk on or before the

21    date of the Pretrial Conference. (In cases involving a large number of

22    exhibits, exhibits should be placed in binders).

23    (3) Unless otherwise ordered, if the trial is to be a jury trial , proposed jury

24    instructions, and proposed content of a jury questionnaire and proposed

25    voir dire questions should be submitted to the Court not later than seven

26    (7) court days prior to trial. If the parties cannot agree as to these materials,

27    Counsel shall state that they have met and conferred for the purpose of

28    resolving their differences.

3

1    (4) Estimate of Trial Time.  An estimate of the

2    number of court hours in fractions thereof for the direct

3    examination and cross-examination of each witness identified in the

4    witness list submitted.

5    (5) Use of Discovery Responses.  A statement as to any intended use,

6    other than solely for impeachment or rebuttal, of  excerpts from

7    depositions, interrogatory answers, or responses to requests for admission.

8    Counsel shall indicate any objections to use of  such materials and that

9    they have conferred with respect to such objections.

10    (6) Further Discovery and Motions in Limine.  A statement of all

11    remaining discovery or any motions in limine shall be filed not later than

12    seven (7) days prior to the Pretrial Conference.

13    **(4) Trial Alternatives and Options.**

14    (1) Settlement and Discussion.  Without revealing the substance of the

15    parties settlement positions, a statement summarizing the status of

16    settlement negotiations and indicating whether further negotiations are

17    likely to be productive.

18    (2) Consent to Trial Before a Magistrate Judge.  A statement as to whether

19    reference of all or part of the action to a master or magistrate judge is

20    feasible, including whether the parties consent to a court or jury trial

21    before a magistrate judge, with appeal directly to the Ninth Circuit.

22    (3) Amendments, Dismissals.  A statement of requested or proposed

23    amendments to pleadings or dismissals of parties, claims or defenses.

24    **(5) Miscellaneous.**

25    Any other subjects relevant to the trial of the action or

26    to its just, speedy and inexpensive determination.  The assigned

27    judge may make such pretrial orders at or following the pretrial

28    conference as may be appropriate, and such orders shall control the

4

1    subsequent course of the action.

2

3    **Agenda for the Pretrial Conference**

4    At the pretrial conference, the Court will:

5    **1.** Set a schedule for the receipt of opposition to and determination of any contested

6    motions in limine or other pretrial motions;

7    **2.** Allocate a fixed number of hours to each side for the direct examination and cross-

8    examination of witnesses;

9    **3.** Set specific dates and times when the trial will be in session;[1]

10    **4.** For jury trials, determine the number of prospective jurors to be summoned, the

11    number of jurors to be seated and whether a jury questionnaire will be used to assist in jury

12    selection;

13    **5.** Consider any other trial management matter which is likely to promote fair and

14    efficient resolution of the case.

15    Questions concerning provisions of this order should be directed to the Courtroom

16    Deputy Clerk at (408) 535-5166.

17

18

19

20    DATED:    5/25/06

21

22

23    JEREMY FOGEL
     United States District Judge

24

25

26

27

28    [1]    Jury selection normally commences at 1:30 PM on the Friday on which the trial is set.  The Court normally conducts trials between 9:00 AM and 4:30 PM Monday, Tuesday and Thursday and between 10:00 AM and 4:30 PM Wednesday.

5

STANDING ORDER RE PRETRIAL PREPARATION
(JFLC2)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6